JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Harrington Tools, Inc., | No.    CV 10-8005 PA |
| Debtor, | OPINION ON APPEAL FROM BANKRUPTCY COURT |
| Harrington Tools, Inc., | Bankruptcy Case No. 2:08-25134-AA Adversary Case No. 2:08-ap-1978-AA |
| Appellant, | |
| v. | |
| Sunland Chemical & Research Corp. a/k/a Sunland Chemical Corp., | |
| Appellee. | |

Before the Court is an appeal filed by Harrington Tools, Inc. ("HTI") challenging the decision by the United States Bankruptcy Court for the Central District of California to grant the Motion for Summary Judgment filed by Sunland Chemical & Research Corp. ("Sunland") in an adversary proceeding brought by HTI against Sunland. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

I.    Background

The dispute between HTI and Sunland arises out of a real property transaction. In 1989, HTI purchased the property on which both businesses operated. HTI financed the purchase by obtaining a loan from Community Bank. The loan agreement between HTI and

Community Bank expressly contemplated that HTI would subdivide the property into two parcels and that HTI would then sell one of the parcels to Sunland.  The agreement between HTI and Community Bank provided that Community Bank would release its deed of trust on the portion of the property purchased by Sunland once it received adequate proof that the property had been properly divided into two parcels.

HTI entered into an agreement with Sunland in 1991 for Sunland to purchase its portion of the property from HTI.  As part of that agreement, Sunland agreed to pay for and finalize the division of the property into two separate parcels.  According to HTI, in October 1992, Sunland prepared a grant deed conveying HTI's interest in the entire property to Sunland so that Sunland could finalize the subdivision of the property pursuant to the requirements of the Subdivision Map Act.  Sunland filed its application with the City of Los Angeles to finalize the subdivision of the property in January 1993 and executed a grant deed reconveying HTI's portion of the property to HTI in February 1993.  However, the subdivision of the property was not finalized with the City of Los Angeles before Sunland's application expired in 1996.

Sunland paid to HTI the agreed purchase price and HTI used as least a portion of those proceeds to pay down the loan from Community Bank.  Although the subdivision was not properly completed, Community Bank released its lien on Sunland's portion of the property.  HTI and Community Bank executed a number of modifications to the original loan between 1991 and 2002.  HTI alleges that in 2002, or 2003 at the latest, it became aware that Sunland had never properly subdivided the property.  From 2002 through 2005, Community Bank wrote several letters to HTI concerning the loan agreement's requirement that HTI properly subdivide the property, and HTI retained a surveyor in 2003 and 2004 to work on preparing a revised parcel map pursuant to the requirements of the Subdivision Map Act.

HTI defaulted on its loan from Community Bank in 2004 when HTI failed to pay off the loan on its maturity date.  HTI and Community Bank entered into a forbearance agreement in 2005.  In 2006, Community Bank filed a suit against HTI to have a receiver

-2-

1 appointed to obtain the final and official subdivision of the property and to judicially

2 foreclose on the property.  However, Community Bank could not foreclose on HTI's portion

3 of the property without with an approved parcel map.  As part of Community Bank's action

4 against HTI, Community Bank included a claim against both HTI and Sunland for

5 declaratory relief seeking clarification of the respective rights to the HTI parcel.  The

6 receiver obtained the final subdivision of the property on August 18, 2008.  HTI filed a

7 Chapter 11 bankruptcy petition on September 16, 2008 and commenced its adversary

8 proceeding against Sunland on December 11, 2008.  The Bankruptcy Court approved the

9 sale of HTI's parcel in April 2010.  Following the sale of HTI's property, through which

10 Community Bank was paid in full, Community Bank dismissed its action against HTI and

11 Sunland.

12        HTI's adversary proceeding against Sunland initially alleged claims for declaratory

13 relief and equitable indemnity.  Specifically, HTI sought to recover the costs and fees it

14 incurred as a result of the failure of Sunland to properly subdivide the property, including

15 the fees it paid to the surveyor HTI retained and the legal fees incurred by both HTI and

16 Community Bank to obtain the final parcel map.  The Bankruptcy Court granted Sunland's

17 Motion to Dismiss the claim for declaratory relief in July 2009.  HTI does not challenge that

18 ruling in this appeal.  Sunland then moved for summary judgment on the remaining claim for

19 equitable indemnity, which the Bankruptcy Court granted on August 5, 2010.  The

20 Bankruptcy Court denied HTI's Motion for Reconsideration on September 28, 2010.  In

21 denying the Motion for Reconsideration, the Bankruptcy Court clarified that it had sustained

22 the evidentiary objections Sunland had filed challenging the evidence submitted by HTI in

23 opposition to the summary judgment motion.  HTI then filed this appeal.

24 II.      Standard of Review

25        This Court reviews the Bankruptcy Court's legal ruling on a motion for summary

26 judgment de novo, although findings of fact are reviewed for clear error.  In re Kaypro, 218

27 F.3d 1070, 1073 (9th Cir. 2000).  The Bankruptcy Court's evidentiary rulings are reviewed

28 for an abuse of discretion.  In re Smith's Home Furnishings, Inc., 265 F.3d 959, 963 (9th

Cir. 2001).  Discretionary rulings should not be disturbed without a definite and firm conviction that the Bankruptcy Court committed a clear error of judgment.  See In re Lowenschuss, 67 F.3d 1394, 1399 (9th Cir. 1995).  The Bankruptcy Court's decision may be affirmed on any ground finding support in the record.  Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 1358, 1364 (9th Cir. 1992).

III.   Discussion

        In granting Sunland's Motion for Summary Judgment, the Bankruptcy Court concluded that HTI's claim for equitable indemnity failed as a matter of law because Sunland and HTI were not jointly liable to Community Bank.  The Bankruptcy additionally concluded that Sunland was entitled to summary judgment because HTI's claim for equitable indemnity was barred by the applicable statute of limitations and doctrine of laches.

        A.     Equitable Indemnity

        HTI acknowledges that whatever tort and contract claims it may at one time have been able to pursue against Sunland expired long before it filed the adversary proceeding. HTI asserts, however, that it could pursue its equitable indemnity claim against Sunland because "the statute of limitations for asserting an equitable indemnity claim by a party (HTI) who is jointly liable with another (Sunland) for injury caused to a third party ([Community Bank]), does not accrue until damages are 'paid' by one of the jointly liable parties (HTI), to the injured third party ([Community Bank]), which exceeded HTI's pro rata share of damages paid to [Community Bank]."  (HTI's Opening Brief, p. 13.)  HTI's theory of recovery under its claim for equitable indemnity, therefore, is that although only HTI, and not Sunland, had a contractual relationship with Community Bank, both HTI and Sunland collectively harmed Community Bank by not properly subdividing the property as required by the loan agreement between HTI and Community Bank.  As a result, according to HTI, HTI and Sunland are joint tortfeasors and Sunland must therefore equitably indemnify HTI for the sums Sunland became obligated to pay to Community Bank.

1    Under California law, "equitable indemnity . . . is not available in the absence of a

2    joint legal obligation to the injured party." <u>Prince v. Pac. Gas & Elec. Co.</u>, 45 Cal. 4th 1151,

3    1160, 90 Cal. Rptr. 3d 732, 740 (2009).  HTI does not appear to dispute the fact that Sunland

4    was not a party to the loan agreement between HTI and Community Bank and as a result did

5    not share a joint contractual obligation to Community Bank.  Instead, HTI asserts that

6    Sunland and HTI shared a joint obligation arising under tort law.  However, HTI never

7    explains what tort Sunland and HTI jointly committed.  Nor does HTI adequately account

8    for the fact that Community Bank never sued Sunland for an obligation arising out of tort or

9    contractual law.  Additionally, by the time Community Bank filed suit in 2006, the statute of

10   limitations on any claim it might have asserted against Sunland arising out of tort law or the

11   Subdivision Map Act had already expired.  <u>See, e.g.</u> Cal. Civ. Proc. Code § 335.1

12   (establishing two-year statute of limitations for tort claims); Cal. Civ. Proc. Code § 338(d)

13   (establishing three-year statute of limitations for fraud claims); Cal. Gov't Code § 66499.32

14   (establishing one-year statute of limitations for violations of the Subdivision Map Act).

15   Instead, all of the damages Community Bank sought from HTI, and which HTI seeks to be

16   indemnified against by Sunland, arose only out of HTI's breach of the loan agreement

17   between HTI and Community Bank.

18   In addition to attempting to make Sunland indemnify it for sums HTI alone owes to

19   Community Bank, HTI's claim for equitable indemnity is an effort to evade the statute of

20   limitations on the time-barred tort and breach of contract claims HTI failed to timely bring

21   against Sunland.  California's Supreme Court has cautioned against this practice.  <u>See</u>

22   <u>Prince</u>, 45 Cal. 4th at 1166 n.10, 90 Cal. Rptr. 3d at 744 n.10 ("Allowing a claim for implied

23   contractual indemnity to proceed in the absence of any independent liability on the part of

24   the indemnitor to the injured party would essentially subject the indemnitor to liability for

25   the injured party's damages in connection with an alleged breach of contract.  Our

26   reiteration that indemnity is restitutionary in nature and our recognition of a shared liability

27   requirement will avoid transforming a breach of contract claim into a vehicle for the

28   recovery of tort damages.").

Because HTI was liable to Community Bank arising out of its loan agreement, and not as a result of a joint obligation it shared with Sunland, the Bankruptcy Court properly granted Sunland's Motion for Summary Judgment on HTI's claim for equitable indemnity..

### B.   Statute of Limitations and Doctrine of Laches

In light of this Court's affirmance of the Bankruptcy Court's granting of Sunland's Motion for Summary Judgment because HTI's claim for equitable indemnity fails as a matter of law, the Court declines to address the Bankruptcy Court's additional findings concerning the statute of limitations for HTI's claim for equitable indemnity and doctrine of laches.

### C.   Evidentiary Rulings

In denying HTI's Motion for Reconsideration, the Bankruptcy Court sustained Sunland's evidentiary objections to the evidence submitted by HTI in opposition to Sunland's Motion for Summary Judgment.  The Excerpts of Record submitted by the parties to this Court do not include Sunland's evidentiary objections.  Nor does the limited argument contained in HTI's appellate briefs shed much light on the basis for HTI's assertion that the Bankruptcy Court abused its discretion in making its evidentiary rulings. See Wilkins v. United States, 279 F.3d 782, 786 (9th Cir. 2002); Kohler v. Inter-Tel Tech., 244 F.3d 1167, 1182 (9th Cir. 2001) ("Issues raised in a brief which are not supported by argument are deemed abandoned."); Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir. 1997) ("[j]udges are not like pigs, hunting for truffles buried in briefs" (alteration in original)).

This Court cannot conclude that the Bankruptcy Court abused its discretion in sustaining Sunland's evidentiary objections.  Moreover, this Court has reviewed the disputed evidence and concludes that HTI's claim for equitable indemnity fails even if the evidence it submitted in opposition to Sunland's Motion for Summary Judgment was considered.

IV.     <u>Conclusion</u>

      For all of the foregoing reasons, the Court affirms the Bankruptcy Court's grant of summary judgment in favor of Sunland on HTI's claim for equitable indemnity.

      IT IS SO ORDERED.

 DATED:  September 26, 2011

                                         Percy Anderson
                            UNITED STATES DISTRICT JUDGE